UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHERMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>LAKE COUNTY JAIL, et al.,<br><br>        Defendants. | Case No. 21-cv-05950-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Lake County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 9) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Complaint**

Plaintiff has brought suit against Lake County Jail doctor Philip. The complaint makes the following allegations. Plaintiff has restless leg syndrome which causes him excruciating pain and painful leg cramps; he has a weak immune system; and he has been diagnosed with MRSA. Plaintiff is concerned that he will catch COVID-19 while housed at Lake County Jail because the jail has a high death rate and the number of COVID-19 cases is the highest percentage in California. Plaintiff also has a severe rash on his eyes, chins, elbow and neck from the cleaning solution used which Plaintiff alleges that "they" have refused to treat. Plaintiff also has an ear infection that "they" cannot treat him for. Plaintiff seeks to be released from custody so that his primary care physician Dr. Batat can successfully address these issues.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates Eighth Amendment's proscription against cruel and unusual punishment). *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). The existence

of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson*, 290 F.3d at 1188. However, for the reasons stated below, Plaintiff has failed to state a cognizable Eighth Amendment claim.

First, the complaint does not specifically link defendant Philip to any of the alleged constitutional violations.

Second, the use of the general pronoun "they" fails to identify which specific prison officials denied Plaintiff medical care for his rash and for his ear infection.

Third, the allegations are too conclusory to state a cognizable Eighth Amendment claim. Plaintiff simply lists various health issues and makes the general assertion that "they" have refused to treat him.

Because it appears possible that Plaintiff may be able to correct the above deficiencies, the Court DISMISSES the complaint with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

In preparing an amended complaint, Plaintiff should identify the person(s) who violated his constitutional right(s), describe what this (these) person(s) did or did not do that constituted a violation of his right(s), and state where and when the violation occurred. Plaintiff should not refer to the defendants as a group (e.g. "the defendants" or "they"). Plaintiff is cautioned that there is no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated

a plaintiff's rights.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient to state a claim.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Fed. R. Civ. P. 8 requires more than naked assertions devoid of further factual enhancement.  Plaintiff should identify how defendant Philip (or other prison officials) failed to take reasonable steps to address his serious medical needs and, if medical treatment was provided, why this treatment was insufficient.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies.  The amended complaint must identify at least one defendant by name.  The amended complaint must include the caption and civil case number used in this order, Case No. C 21-5950 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: August 25, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge