UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKE COUNTY JAIL,<br><br>    Defendants. | Case No. 21-cv-05950-HSG<br><br>**ORDER OF DISMISSAL** |

Plaintiff commenced the instant *pro se* 42 U.S.C. § 1983 action on July 26, 2021, challenging his treatment at Lake County Jail. Dkt. No. 1. For the reasons set forth below, this action is DISMISSED.

**I.    Procedural History**

Plaintiff commenced this action by filing a letter with the Court on July 26, 2021. Dkt. No. 1. That same day, the Court notified him that if he wished to proceed with this action, he must use the Court's complaint form, and provided him with a copy. Dkt. No. 2. On August 11, 2021, Plaintiff filed a complaint on the complaint form, naming Lake County doctor Phillips as a defendant. Dkt. No. 9. On August 18, 2021, Plaintiff filed another complaint on the complaint form, this time naming Lake County sheriff Norman Taylor as a defendant. Dkt. No. 11. On August 20, 2021, Plaintiff filed a letter with the Court making allegations similar to the allegations made in the letters and complaints already on file with the Court. Dkt. No. 13.

On August 25, 2021, the Court screened the complaint docketed at Dkt. No. 9. The Court dismissed Dkt. No. 9 with leave to amend for the following reasons. Dkt. No. 9 failed to link the only named defendant, Lake County Jail doctor Philip, to the alleged constitutional violation; failed to identify which specific prison official denied him medical care for his rash and ear

1  infection; and the allegations were too conclusory to state a cognizable Eighth Amendment claim.

2  Dkt. No. 15.  The Court granted Plaintiff leave to amend to address these deficiencies, and

3  instructed Plaintiff as to how to correct the identified deficiencies.  Dkt. No. 15.  The Court

4  informed Plaintiff that the failure to file an amended complaint by September 22, 2021 would

5  result in the dismissal of this action without further notice.  *Id.*

## II.  Screening Dkt. No. 11

The second complaint in the record, Dkt. No. 11, was filed after Dkt. No. 9, but prior to the Court's August 25, 2021 screening order.  It is unclear if Plaintiff intends for Dkt. No. 11 to be the operative complaint.  While Plaintiff has written the Court five letters since the August 25, 2021 screening order, in none of these letters does he address whether the operative complaint should be Dkt. No. 9 or Dkt. No. 11.  Regardless, Dkt. No. 11 does not remedy the deficiencies identified in the Court's screening order.  Rather, Dkt. No. 11 suffers from the same deficiencies as Dkt. No. 9.  Below, the Court screens Dkt. No. 11.

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

1 cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
2 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a
3 right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
4 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
5 U.S. 42, 48 (1988).

### B. Complaint at Dkt. No. 11

Dkt. No. 11 names Lake County Sheriff Norman Taylor as defendant, and makes no mention of Lake County Jail doctor Philip. Dkt. No. 11. In Dkt. No. 11, Plaintiff makes no specific allegations against Sheriff Taylor. He alleges that Lake County jail medical staff have refused to address his restless leg syndrome, rotten teeth, severe leg cramps, migraine headaches, chest pain, and upset stomach; and that he is worried about the severe heart conditions caused by his rotten teeth. Dkt. No. 11 at 2-3.

Dkt. No. 11 suffers from the same deficiencies as Dkt. No. 9. Dkt. No. 11 does not link the named defendant, Lake County Sheriff Taylor, to any of the alleged constitutional violations. Dkt. No. 11 also refers to a general group of people – Lake County Jail medical staff – and fails to identify which specific prison official(s) denied the requested medical care, and why that denial violated the Eighth or Fourteenth Amendment. Finally, the allegations in Dkt. No. 11 are also too conclusory to state a cognizable Eighth Amendment or Fourteenth Amendment claim. Plaintiff simply makes the general assertion that jail medical staff have refused to treat him, but does not specify what treatment was needed, who refused what needed treatment, and why the treatment provided was constitutionally inadequate.

### III. Fed. R. Civ. 41(b)

Instead of dismissing Dkt. No. 11 with leave to amend, the Court DISMISSES this action for failure to comply with a court order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the following reason.

Plaintiff has not specified whether he intends for Dkt. No. 9 or Dkt. No. 11 to serve as the operative complaint. Both Dkt. No. 9 and Dkt. No. 11 suffer from the same kind of deficiency and Plaintiff has not made any effort to file an amended complaint that addresses the identified

deficiencies. Instead of filing an amended complaint, Plaintiff writes the Court letters. Dkt. Nos. 16, 18, 19, 20, 21. The Court has informed Plaintiff that without an operative complaint, the Court cannot order any relief. Dkt. No. 17. Based on the record before the Court, indicating that Plaintiff is not prevented from filing documents with the Court and that Plaintiff has been unable to remedy the identified deficiencies, the Court declines to grant a second dismissal with leave to amend.

The Court DISMISSES this action for failure to comply with a court order, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not complied with the Court's August 25, 2021 Order to file an amended complaint by September 22, 2021, that addresses the deficiencies identified in Dkt. No. 9. Dkt. No. 15. The dismissal is without prejudice to filing a motion to reopen. Any motion to reopen must be accompanied by a proposed second amended complaint that addresses the deficiencies identified in the Court's August 25, 2021 Order and must show good cause for the failure to timely comply with the Court's August 25, 2021 Order.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without prejudice. The Clerk shall enter judgment in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: 10/4/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge